**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | 07-6245M |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Joel David Escalante, | ) | |
| Defendant. | ) | |

Pursuant to 18 U.S.C. §3141 *et seq*., a detention hearing was held before the undersigned on Tuesday, August 21, 2007. Defendant was present and represented by counsel, AFPD Craig Orent. The Government was represented by AUSA, Brian Larson. Court proceedings are electronically recorded.

For the reasons set forth in detail on the record at the end of the hearing,

**IT IS ORDERED** that Defendant shall be detained as a serious flight risk until such time as Defendant or his representative posts a $20,000 secured bond with the Clerk <u>and</u> Defendant is found acceptable for admission into a Phoenix-area residential treatment facility for direct transfer from CCA when bedspace becomes available.

**IT IS FURTHER ORDERED** that if Defendant or his representative posts a secured bond in the amount of $20,000, Defendant shall be released with conditions to be set by the duty magistrate judge, directly to the residential treatment facility when bedspace

1  is available, as conditions exist that would reasonably assure the appearance of Defendant at future court proceedings.

Defense counsel shall timely provide the bond details and copies of any relevant bond paperwork to the assigned AUSA so that the Government's counsel has a fair opportunity to request a *Nebbia* hearing if reasonable grounds exist to request such a hearing. *United States v. Nebbia*, 357 F.2d 303, 304 (2d Cir. 1966) ("[m]ere deposit of cash bail is not sufficient to deprive the court of the right to inquire into other factors which might bear on the question of the adequacy of the bail and . . . the ability of the surety to produce the defendant."); *United States v. Noriega-Sarabia*, 116 F.3d 417 (9th Cir. 1997); Rule 46(e), FED.R.CRIM.P.

The Court finds that a secured bond in the amount of $20,000 is necessary and an indispensable component to reasonably ensure Defendant's presence at trial and other future court proceedings because, if posted, it would more likely induce Defendant to appear as required than without it. *United States v. Mantecon-Zayas*, 949 F.2d 548 (1st Cir. 1991). Moreover, if the cash bond is voluntarily posted by Defendant and/or his family, it is less likely that Defendant would fail to appear and risk the loss of his and/or their property and thereby avoid a significant financial hardship to himself and/or his family.

The Court further finds that a lesser bond amount will not provide adequate and reasonable assurance that Defendant will appear as required if Defendant were released from custody. *United States v. Fidler*, 419 F.3d 1026 (9th Cir. 2005); *United States v. Montoya*, 486 F.Supp.2d 996, 999 n. 1 (D. Ariz. 2007).

**IT IS FURTHER ORDERED** that should Defendant or his family fail to post the bond required herein with the Clerk or should Defendant not so qualify for admission to a Phoenix residential treatment facility, Defendant shall be detained pending trial as there are no combination of conditions exist which would reasonably assure the appearance of the Defendant.

The Court further finds that the posting of the subject bond and acceptance

1 into the subject residential treatment facility constitute, among the others to be imposed, the
2 least restrictive or onerous conditions of release that would reasonably assure the appearance
3 of the Defendant. 18 U.S.C. § 3142(c)(1)(A) (release shall be "subject to the least restrictive
4 further condition, or combination of conditions, that such judicial officer determines will
5 reasonably assure the appearance of the person as required . . . "); *United States v.*
6 *Motamedi*, 767 F.2d 1403, 1405 (9th Cir.1985) ("[B]ail Reform Act of 1984 . . . mandates
7 release . . . under the least restrictive condition or combination of conditions that will
8 reasonably assure the appearance of the person as required.").

9 **IT IS FURTHER ORDERED** that Pretrial Services is directed to promptly
10 have Defendant screened by Native American Connections and, if found not acceptable for
11 admission, by Recovery Homes in Mesa and shall timely notify the duty magistrate judge of
12 the results Defendant's intake assessment, and if found acceptable, the date and time such
13 facility will provide transportation from the Sandra Day O'Connor Courthouse for
14 Defendant.

15       DATED this 22nd day of August, 2007.

_____
Lawrence O. Anderson
United States Magistrate Judge